### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 25-CR-075 (RBW)** |
| **v.** | |
| **CHARLES WASHINGTON,** | |
| **Defendant.** | |

### GOVERNMENT'S PROFFER OF PROOF
### IN SUPPORT OF DEFENDANT'S PLEA OF GUILTY

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits the following Proffer of Proof in Support of a Plea of Guilty by Defendant Charles Washington to Count One of the pending Indictment, charging him with Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

**I.      The Penalties**

A violation of 18 U.S.C. § 922(g)(1) carries a maximum sentence of 15 years of imprisonment, a fine of $250,000, or both; a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines not timely made.

**II.      The Elements of the Offense**

The essential elements of the offense of Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), are:

1

1) The defendant possessed ammunition;

2) He did so voluntarily and on purpose, and not by mistake or accident;

3) The ammunition had been shipped or transported from one state to another (the District of Columbia is considered a state for this purpose);

4) At the time the defendant possessed the ammunition, he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

5) At the time the defendant possessed the ammunition, he knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

### III.    Factual Proffer

The following proffer of the Government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it makes representations concerning anything defendant said, is it a recitation of all that defendant said or did.

Had this matter gone to trial, the Government's evidence would have shown, beyond a reasonable doubt, the following: On March 12, 2025, at approximately 4:05 pm, members of the Metropolitan Police Department's (MPD) Seventh District Special Missions Unit (SMU), who were in full uniform in fully marked police cruisers, responded to the 2800 block of Alabama Avenue Southeast, Washington, D.C. SMU Officers had received information from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) regarding firearms inside a gray Kia Optima, which displayed Virginia registration plates TDS6535 , that was parked in the Safeway parking lot.

As SMU members drove into the Safeway parking lot, they observed multiple individuals standing near the gray Kia sedan. As officers approached the vehicle, one of the individuals who was leaning on the vehicle, later identified as Charles WASHINGTON, took off in an unprovoked flight,

running away from officers. Officers observed WASHINGTON run across multiple lanes of traffic toward the 2200 block of Town Center Drive Southeast. Officers observed that WASHINGTON was grabbing at his waist and holding his waistband as he ran.

Officers observed WASHINGTON stop running and hunch over near a sewer drain before he appeared to throw an object into the sewer drain. After doing so, WASHINGTON continued to run away, but he was observed no longer holding his waistband. Shortly after WASHINGTON discarded the item in the drain, he tripped and was subsequently detained by officers. *See* Figures 1, 2 & 3 below.



***Figure 1: WASHINGTON holding his waistband as he runs***



*Figure 2: WASHINGTON Holding the Firearm (Circle Around Firearm)*



*Figure 3: WASHINGTON Discarding the Firearm in the Sewer Drain*

Once WASHINGTON was detained, officers returned to the sewer drain where WASHINGTON was observed discarding an item. Officers removed the manhole cover and observed a black firearm protruding through the leaves in the sewer. *See* Figures 4 and 5 below.



*Figure 4: Image of Sewer (Circle Around Firearm Protruding)*



*Figure 5: Close up Image of Firearm Protruding*

MPD's Department of Forensic Sciences (DFS) responded to the location to assist in the recovery of the firearm from the sewer. Members of DFS were successful in recovering the firearm, which was identified as a privately made firearm (PMF). The recovered PMF was a Polymer80, INC,

model PF940C frame with an attached Glock model 23, .40 caliber slide and barrel which displayed serial number BZNF135. The firearm was loaded with one (1) round of .40 caliber ammunition in the chamber and eleven (11) rounds of .40 caliber ammunition loaded in the thirteen (13) round magazine, which was seated in the firearm. *See* Figures 6 and 7 below.



**Figure 6: Image of the Firearm**



**Figure 7: Image of Ammunition**

While officers were pursing WASHINGTON as he fled on foot, additional officers remained at the Kia sedan. MPD K9 officers responded to the scene and conducted an open-air sniff of the vehicle, which yielded a positive result for the presence of smokeless gunpowder. Officers conducted a search of the vehicle during which they found a clear plastic baggie containing approximately fifty-eight (58) grams of a white rock-like substance in the driver's side door. Following the recovery, officers conducted a field test of the white rock-like substance which tested positive for cocaine, a Schedule II controlled substance. The amount of suspected drugs is more consistent with distribution amounts than personal use. *See* Figure 8 below.



***Figure 8: White Rock-Like Substance Recovered From Vehicle***

While officers were conducting the search of the vehicle, they observed a cellular device charging in the front center console of the vehicle. Officers noted that on the phone's lock screen was a picture of WASHINGTON with three other individuals. Additionally, officers found that WASHINGTON was in possession of keys to the Kia sedan when he was stopped. *See* Figure 9 below.



*Figure 9: Cellular Device in Vehicle (Circle Around Device)*

WASHINGTON was arrested in connection with his possession for the above-referenced firearm. Officers determined that WASHINGTON did not have a license to carry or own a firearm in Washington, D.C.

In 2011, WASHINGTON pled guilty to Unarmed Carjacking, a felony in D.C. Superior Court case number 2010-CF3-021576. This offense is punishable by more than one year incarceration. WASHINGTON was sentenced to eighty-four (84) months incarceration and three (3) years supervised release. In 2018, WASHINGTON pled guilty to 18 U.S.C. § 922(g)(1), Unlawful Possession of a Firearm or Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in the United States District Court for the District of Maryland (case number PWG-8-17-CR-00555). WASHINGTON was sentenced to thirteen (13) months confinement and three (3) years supervised release. In 2021, WASHINGTON was found guilty of Unlawful Possession of a Firearm, a felony, in D.C. Superior Court case number 2019-CF2-014412. This offense is punishable by more than one year incarceration. WASHINGTON was sentenced to forty-two (42) months incarceration and three (3) years supervised release. As such, WASHINGTON was aware that he had been previously convicted of multiple crimes that were

punishable by more than one year.

There are no firearms or ammunition manufacturers or distributors in the District of Columbia, therefore, the firearm and ammunition in this case necessarily traveled in interstate commerce before it was recovered on the defendant in the District of Columbia.

<div style="margin-left: 40%;">

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:    /s/Emory V. Cole
       EMORY V. COLE
       PA. Bar No. 49136
       Assistant United States Attorney
       601 D Street, N.W.
       Washington, D.C. 20530
       Telephone: (202) 252-7692
       Emory.Cole@usdoj.gov

</div>